Honorable Harry L. Shorstein State Attorney Fourth Judicial Circuit
QUESTION:
May the City of Jacksonville's Victim Services Division receive identifying information regarding a victim of sexual abuse, child abuse, lewd, lascivious or indecent assault upon or in the presence of a child, for the purpose of advising the victim of available services?
SUMMARY:
The Victim Services Division of the City of Jacksonville, as a governmental agency which is part of the city's criminal justice system, may receive identifying information concerning a victim of sexual abuse, lewd, lascivious or indecent assault upon or in the presence of a child, for the purpose of advising the victim of available services pursuant to the guidelines established under s.960.001, F.S.
You consider the Victim Services Division (VSD) to be a part of the criminal justice system by its providing the services mandated in s. 960.001, F.S.[1]
Section 960.001, F.S., provides guidelines for the fair treatment of victims and witnesses in the criminal justice system. Among other law enforcement agencies, the state attorneys and every sheriff's department and police department are required to develop and implement guidelines for the use of their respective agencies to meet specified objectives, including providing information concerning services available to victims of crime.
In providing such information,
 [l]aw enforcement personnel shall ensure, through distribution of a victim's rights information card or brochure at the crime scene, during the criminal investigation, and in any other appropriate manner, that victims are given . . . information about . . . crime victim compensation, . . . [c]risis intervention services, supportive or bereavement counseling, social service support referrals, and community-based victim treatment programs . . . .[2]
Thus, the city and the state attorney are obligated to provide the above services to a victim of a crime in any appropriate manner. Making the VSD part of the municipality's criminal justice system acting in conjunction with the state attorney's office to provide such information and services would appear to be an appropriate manner in which to carry out the provisions in s. 960.001, F.S.[3]
In AGO 92-14, this office was asked whether a certified domestic violence center could receive information identifying the victim of sexual battery, child abuse, or lewd, lascivious or indecent assault upon or in the presence of a child. Section 741.29(1), F.S., requires a law enforcement officer investigating a com-plaint of domestic violence to inform the alleged victim of the availability of a local domestic violence center providing services. The officer is required to make a written report of the incident of domestic violence.[4] Such report, which excludes victim or witness statements or other materials deemed to be part of an active criminal investigation, shall be sent to the nearest locally certified domestic violence center within twenty-four hours of the agency's receipt of the report.[5]
The opinion observed that the name, sex, age, and address of a person arrested or of the victim of a crime are not generally "criminal investigative information" which would be exempt from disclosure pursuant to s. 119.07(3)(d), F.S.[6] It was concluded, however, that criminal investigative information which reveals the identity of a victim of sexual battery, of a lewd, lascivious or indecent assault upon or in the presence of a child, or of child abuse is exempt from disclosure under s. 119.07(3)(h), F.S., and could not be provided to the domestic violence center. Domestic violence centers are certified by the Department of Health and Rehabilitative Services pursuant to ss. 415.601-415.608, F.S. While such centers must provide specified services,[7] it does not appear that a certified domestic violence center operates as a criminal justice agency.[8]
The conclusion in AGO 92-14, therefore, would not apply to an agency such as the VSD which has been integrated into the criminal justice system of the municipality.
It is my opinion, therefore, that the Victim Services Division of the City of Jacksonville, as a governmental agency which is part of the city's criminal justice system, may receive identifying information concerning a victim of sexual abuse, lewd, lascivious or indecent assault upon or in the presence of a child, for the purpose of advising the victim of available services pursuant to the guidelines established under s. 960.001, F.S.
[1] The VSD was created by the City of Jacksonville to provide crime victim and witness assistance in the form of counseling and treatment for mental and emotional trauma, crime victim compensation, witness coordination and management services, and any other assistance related to criminal victimization. Your office and the VSD have entered into a letter of understanding to combine efforts in providing services to crime victims. In the letter it is stated that the VSD, among other things, will: have access to police reports received by the State Attorney's Office; serve as the clearinghouse for screening inquiries from crime victims; be the referral for need assessment and services for crime victims; and become a member of the criminal justice information system allowed limited access to state attorney files.
[2] Section 960.001(1)(a), F.S.
[3] See, s. 119.011(4), F.S., defining "[c]riminal justice agency" to include "any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal intelligence information or criminal investigative information for the purpose of assisting such law enforcement agencies in the conduct of active criminal investigation or prosecution . . . ."
[4] Section 741.29(2), F.S.
[5] Section 741.29(2), F.S.
[6] See, s. 119.011(3)(c)2., F.S. Section119.07(1)(a), F.S., requires every person who has custody of a public record to permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee.
[7] See, s. 415.605, F.S.
[8] Cf., AGO 92-14 and s. 741.29(2), F.S.